IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **SAMMIE FISHER,** § | | |
| **PLAINTIFF** § | C.A. NO. _____ | |
| § | | |
| **VS.** § | | |
| § | | |
| **THE LAW OFFICE OF** § | | |
| **RICHARD CLARK, PLLC,** § | | |
| **CACH LLC,** § | | |
| **SQUARE TWO FINANCIAL** | | |
| **FUNDING CORPORATION** | | |
| **JIM WOOLEY(DBA COLLECT** | | |
| **AMERICA)** | | |
| **AND JOHN DOES 1-10** § | (JURY DEMANDED) | |
| **DEFENDANTS** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNTIED STATES DISTRICT COURT:

COMES NOW Plaintiff, SAMMIE FISHER, complaining of Defendants, THE LAW OFFICE OF RICHARD CLARK, PLLC, CAVC LLC, CACH LLC, SQUARETWO FINANCIAL CO., and JOHN DOES 1-10, and in support thereof would show as follows:

**I. JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and 42 U.S.C. § 1981. The Court has supplemental jurisdiction over Plaintiff's state claims for

common law violations pursuant to 28 U.S.C. Section 1387, as the common law claims derive from part of the same case or controversy.

2. Plaintiff, SAMMIE FISHER, is an individual who resides in Houston, Harris County, Texas. Plaintiff is African-American and is protected by both Title VII and 42 U.S.C. §1981. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

3. Defendant, The Law Office of Richard Clark, PLLC, (Doing Business in partnership with Collect America, Inc.) is a company whose offices are located 3030 S. Gessner Rd. Suite 200, Houston, Texas 77063. Defendant operates (and has continuously been operating) in the State of Texas.

4. Defendant, SQUARE TWO FINANCIAL CO., (DBA as Collect America, Inc.), is a national company whose offices are located at 430 S. Monaco Second Floor Denver, CO 80237. Defendant operates (and has continuously been operating) in the State of Texas under the following names Collect America Inc., CAVC LLC, CACH LLC and THE LAW OFFICE OF RICHARD CLARK.

5. Defendant, CACH, LLC, (DBA as Collect America, Inc.) is a company whose offices are located at 4340 S. Monaco St., 2nd Floor, Denver, Colorado 80237. Defendant operates (and has continuously been operating) in the State of Texas.

6. Defendant, Jim Wooley owner of a Collect America franchise engaged in a partnership with the Law Office of Richard Clark, PLLC, whose offices are located at 3030 S. Gessner Rd. Suite 200, Houston, Texas 77063. Defendant operates (and has continuously been operating) in the State of Texas.

7. Defendants engaged in an industry affecting commerce and employed more

than 15 regular employees.

8.     The causes of action complained of herein wholly or partly arose in the Houston, Texas.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff Sammie Fisher filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission ("EEOC") on or about January 07, 2009. In said Charge, Plaintiff Sammie Fisher asserts that he was discriminated against because of his race ( African American)  was subjected to retaliation, and had to endure a hostile work environment.

10.    The EEOC issued a Letter of Determination on behalf of Sammie Fisher against The Law Office of Richard Clark, finding discrimination, retaliation and hostile work environment on September 24, 2010.

11.    The EEOC issued a Right to Sue Notice authorizing this lawsuit. Plaintiff Sammie Fisher has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III. VICARIOUS LIABILITY RESPONDEAT SUPERIOR

12.    Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

13.     The acts of management including but not limited to Fred English and Jim Woolley were performed while in the employment of Defendant, to further Defendant's business,

to accomplish the objective for which these supervisory employees were hired, and within the course and scope of that employment or within the authority delegated to these employees. Jim Woolley and Fred English were given supervisory authority over Plaintiff. Jim Woolley and Fred English were given complete day-to-day control over the work conditions, duties, and all other aspects of Plaintiffs employment. Jim Woolley and Fred English were also delegated by Defendant the authority to make hiring, promotion and termination decisions with respect to Plaintiffs.

## IV. IDENTITY OF INTEREST

14. Plaintiff does not assert that SquareTwo Financial Co, CAVC LLC, CACH LLC, and Collect America Inc. (collectively "the SquareTwo Defendants") were directly made aware of his charge, investigated his claims, or was given the opportunity to conciliate. Instead, he maintains the SquareTwo Defendants had an "identity of interest" with The Law Office of Richard Clark, PLLC, the party named in the charge, because the entities functioned as a single employer. His assertion that the "identity of interest" exception would be satisfied upon a determination of "single employer" status finds support in the case law. *See, e.g.*, *Knowlton v. Teltrust Phones, Inc.,* 189 F.3d at 1185 (holding that the identity of interest exception was met where jury determined that two defendants omitted from the charge and the party named in the charge functioned as a single employer); *Sedlacek v. Hach,* 752 F.2d 333, 336 (8th Cir. 1985) (holding that where defendants were found to constitute a single employer, "notice to one was notice to the other"); *Jarred v. Walters Indus. Elecs,* 153 F. Supp. 2d 1095, 1101-02 (W.D. Mo. 2001) (same).

## V. EQUITABLE ESTOPPEL/EQUITABLE TOLLING

15. Alternatively, Plaintiff asserts that the Square Two Financial Commercial Funding

Corporation, CACH, LLC and Jim Wooley as the owner of Collect America, should be equitably estopped from asserting that their claim is time-barred because Plaintiff can show that the Square Two Financial Commercial Funding Corporation, CACH, LLC and Jim Wooley as the owner of Collect America, conduct induced Plaintiff to refrain from exercising his rights; or that equitable tolling should be applied to excuse Plaintiff's ignorance of the Square Two Financial Commercial Funding Corporation, CACH, LLC and Jim Wooley as the owner of Collect America's discriminatory acts because Square Two Financial Commercial Funding Corporation, CACH, LLC and Jim Wooley as the owner of Collect America misled Plaintiff. These assertions also find support in the case law. *See Amburgey v. Corhart Refractories Corp.,* 936 F.2d at 81; *see also Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785, 790 (5th Cir. 1980), modified on reh'g, 640 F.2d 584, 595 (5th Cir. 1981).

## VI. FACTS OVERVIEW

16.     Plaintiff, SAMMIE FISHER, is an African-American. He began his employment with THE LAW OFFICE OF RICHARD CLARK on or about November 19, 2007.  Plaintiff, SAMMIE FISHER, later met racial and retaliatory challenges that stalled, and then completely halted, his employment. Plaintiff began being subjected to overt racial discrimination, stereotypes and harassment. Plaintiff was not valued as an employee by management because of his race and color.

17.     Shortly after beginning his employment, Mr. Fisher began hearing Jim Woolley, the company's owner use the word "nigger" repeatedly. In fact, Mr. Fisher heard Jim Woolley use the word "nigger" daily and distinctively remembers numerous occasions where Jim Woolley stated that he was "tired of niggers". This created a hostile work environment and made Mr. Fisher uncomfortable.

18.     The Defendant's General Manager, Fred English, helped to create a hostile work

environment by calling Mr. Fisher "Sambo" in August 2008, and by asking an African American female employee was she going to a party as "planet of the apes" in Fisher's presence.

19. On or about November 20, 2008, Mr. Fisher spoke to Mr. Woolley, about a raise and the fact that he knew collection accounts were being stolen from some of the collectors. Mr. Fisher was denied the raise and was demoted on or about November 28, 2008.

20. During the period of December 1, 2008, - December 3, 2008, an email from Fred English titled "Motivational Posters" was circulated throughout the office. The email displayed three pictures ridiculing African Americans. One of the posters depicted the Pyramids of Giza with a caption reading, "Slavery, it gets shit done!" Another depicted an African American male with a hat made out of an afro, while the third depicted a neon sign reading "Black Anus". Before the pictures, the body of the email reads "gotta love the last one", and is signed Freddie. On or about December 5, 2008, Mr. Fisher was forced to resign after being denied the $900 bonus check and being demoted.

## VI. CAUSES OF ACTION

### A. **DISCRIMINATION PURSUANT TO 42 U.S.C. 1981 AND TITLE VII**

21. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

22. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's performance of his employment because of his race.

23. This intentional interference consisted of discrimination of a continuous nature.

24. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiffs employment.

25. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

B. **RETALIATION PURSUANT TO 42 U.S.C. 1981 AND TITLE VII**

26. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporate the same by reference as though fully set forth herein.

27. After complaining to management of maltreatment, Plaintiff was subsequently and repeatedly harangued, disciplined, and ultimately terminated.

28. As herein alleged, Defendant illegally retaliated against Plaintiff because he complained of maltreatment. Defendant had no legitimate business reasons for any of such acts. Each act of retaliation is in violation of 42 U.S.C. §1981 and Title VIPs anti-retaliation provisions.

29. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against him, Plaintiff has suffered and will continue to suffer pain and *suffering*; extreme and severe mental anguish; and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

30. The above-described acts on Defendant's part were undertaken in violation of 42 U.S.C. §1981 and Title VII and proximately caused Plaintiff substantial injuries and damages.

C. **NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING**

31. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

32. Defendant had a legal duty to hire, supervise, retain and/or train competent employees.

33. Defendant breached that duty by negligently hiring, supervising, training and/or

retaining managers including Jim Woolley (franchise owner) and Fred English as described herein.

34. Defendant did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether its employees, including Jim Woolley (franchise owner) and Fred English, were unfit, incompetent or a danger to <u>third</u> parties. Defendant's failure to exercise reasonable care in the hiring of employees including Jim Woolley (franchise owner) and Fred English was the proximate cause of damages to Plaintiff.

35. Defendant did not properly take reasonable steps to adequately supervise its employees including Jim Woolley (franchise owner) and Fred English. Defendant's failure to exercise reasonable care in the supervising of its employee was the proximate cause of damages to Plaintiff.

36. Defendant has a legal duty to use ordinary care in retaining its employees by remaining knowledgeable about the employee's competence and fitness. Defendant knew or should have known that the continued employment of Jim Woolley as franchise owner and Fred English, among others, would create an unreasonable risk of harm to others. Defendant's failure to exercise reasonable care in retaining Jim Woolley as franchise owner and Fred English, among others, as employees was the proximate cause of damages to Plaintiff.

37. Defendant knew or should have known that it had not properly trained Jim Woolley to be a franchise owner and Fred English, among others, in the performance of their employment duties. Defendant's failure to properly train Jim Woolley to be a franchise owner and Fred English, among others, was a proximate cause of damages to Plaintiff.

38. Defendant's breaches proximately caused Plaintiffs injuries.

D.     **FRAUD AND CIVIL CONSPIRACY**

39.     Jim Wooley, The Law Offices of Richard Clark, CACH, LLC and Sqaure Two Financial Commercial Funding Corporation engaged in fraud by making a false misrepresentation to Sammie Fisher that he was working for The Law Offices of Richard Clark, PLLC, when he was in fact working for Jim Wooley, Collect America, CACH, LLC and Square Two Financial Commercial Funding Corporation. These same defendants described herein above engaged in a civil conspiracy to deceive Sammie Fisher and other workers into making them believe that they were employees of The Law Offices of Richard Clark, PLLC.

## VII. JURY DEMAND

40.     Plaintiff requests that this action be heard before a jury.

## VIII. DAMAGES

41.     Defendant's conduct constitutes violations of statutory laws. That unlawful conduct seriously affected Plaintiff in their occupation and trade. Because of Defendant's unlawful conduct, Plaintiff has suffered and will suffer in the future, humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial. Because of Defendant's unlawful conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent him in these causes of action. Plaintiff has agreed to pay the attorneys reasonable attorneys' fees for the preparation and trial of this action.

42.     Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs, and other expenses. Accordingly, Plaintiff's seek all general, special, incidental and consequential damages as shall be proven at trial.

43. Further, Plaintiff seek pre judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## IX. PRAYER

**WHEREFORE,** premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has receives a judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in concert with Defendant, from continuing to violate Plaintiffs civil rights and the rights of those similarly-situated to Plaintiff.

b. All damages to which Plaintiff may be entitled to pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre judgment interest at the highest rate permitted by law;

g. Post judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court; and such other and further relief, at law or in equity, to which

Plaintiff may be entitled, whether by this original complaint or by any amendment hereto.

Respectfully submitted,

[signed] Troy J. Pradia

Troy J. Pradia
State Bar No. 24011945
Federal Bar No. 30260
402 Main Street, 4th Fl.
Houston, Texas 77002
Telephone: (713) 739-0402
Facsimile: (713) 752-2812
**Attorney for Plaintiff**